UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT HALE,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>ANNE E. VILLALPANDO,<br><br>　　　　　　　　　　Respondent. | Case No.: 3:21-cv-1884-JES-JLB<br>3:22-cv-0467-JES-JLB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR DISCOVERY;**<br><br>**(2) PARTIALLY GRANTING MOTION FOR EXTENSION OF TIME TO FILE RESPONSE**<br><br>**ECF Nos. 41, 43, 21, 23** |

Presently before the Court are Petitioner Dylan Hale's ("Petitioner" or "Hale") motions for discovery and extension of time to respond to Respondent's motion to dismiss. ECF Nos. 41, 43, 21, 23. For the reasons listed below, the Court **DENIES** Petitioner's motion for discovery and **GRANTS** his motion for extension of time to file a response to Respondent's motion to dismiss.

## I.　BACKGROUND

Petitioner previously filed a motion for discovery on March 8, 2022, that was denied. ECF No. 27. Petitioner's new motion seeks additional documents not previously

requested, namely, (1) Naval Consolidated Brig Miramar Standard Operating Procedure 803 ("NCBM 803") regarding prisoner correspondence and legal mail procedures, and (2) Department of Navy Corrections Manual ("SECNAV M-1640.1") sections on prisoner correspondence and legal mail. ECF No. 41. Petitioner also submitted seven interrogatories. ECF No. 41-1. The Court addresses Petitioner's request below.

## II.   MOTION FOR DISCOVERY

"There is no general right to discovery in habeas proceedings." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999). "A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." *Id.* "Rather, discovery is available only in the discretion of the court and for good cause shown." *Id.*; *see* also Rules Governing Section 2254 Cases, Rule 6(a) ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.")

Petitioner's discovery motion seeks two documents and requests multiple interrogatories. Petitioner vaguely asserts that he needs these documents because "one of the key issues in both cases is the use of the NCBM's mail system; namely legal mail." ECF No. 41 at 1. Petitioner does not articulate any argument to support his position.

In opposition to Petitioner's motion, Respondent has noted that the SECNAV M-1640.1 section on the unauthorized use of mail was previously provided to Petitioner on May 5, 2023, in the Notice of Lodgment ("NOL") Ex. 47, ECF No. 37-2. Petitioner has had that document for several months now. Respondent also provided a copy of the NCBM 803 as part of its response to Petitioner's motion. ECF Nos. 42-2, 42-3. Further, Respondent provided a copy of the Naval Consolidated Brig Miramar No Contact Order at issue in DR 89-21, which advised Hale that he was to "[r]efrain from all communication with Prisoner Lattin," and that "this include[d] attempting third party communications and non-verbal communication." Hale I NOL Ex. 26, ECF No. 37-1. Respondent further submitted relevant excerpts from NCBM's facility specific Rules and Regulations. Hale II NOL Ex. 12, ECF No. 18-2.

It appears that Petitioner currently has a copy of each of the documents he has requested. Therefore, his motion is moot as to the two documents he requested. Petitioner's requests for interrogatories goes further than is allowed. *See Calderon v. U.S. District Court for the N. District of California*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation."). Petitioner has failed to show the necessary good cause to justify an order requiring the requested interrogatories other than vague assertions. For that reason, the motion for discovery is **DENIED**.

### III.   MOTION FOR EXTENSION OF TIME TO FILE RESPONSE

Considering that Petitioner has just recently received NCBM 803, the Court finds good cause to **GRANT** the motion for an extension of time file a response for 30 days from the prior deadline. Absent good cause, there will be no further extensions.

### IV.   CONCLUSION

For the reasons discussed above, the Court:

(1) **DENIES** Petitioner's motion for discovery; and

(2) **GRANTS** Petitioner's motion for an extension of time to file a response.

(3) Petitioner is ordered to file his response no later than **August 21, 2023**.

**IT IS SO ORDERED**.

Dated:  July 28, 2023

Honorable James E. Simmons, Jr.
Unites States District Judge