UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT HALE,<br><br>Petitioner,<br><br>v.<br><br>ANNE E. VILLALPANDO,<br><br>Respondent. | Case No.: 22cv467-JES-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISMISS; and**<br><br>**(2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 18]** |

Pending before the Court is Petitioner Dylan Scott Hale's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Petition"). On May 11, 2023, Respondent filed a motion to dismiss the Amended Petition. ECF No. 18. Petitioner was granted an extension to August 21, 2023 to file a response, but to date, no response has been filed. After due consideration and for the reasons stated below, the Court **GRANTS** the motion to dismiss and **DISMISSES** the petition.

## I.  BACKGROUND

Petitioner Hale is a former member of the United States Air Force. ECF No. 1 at ¶ 1. While in service, he was convicted under the Uniform Code of Military Justice

("UCMJ") for various violations and sentenced to 3,040 days of confinement. *Id.* At the time that he filed the instant petition, he was housed at the Military Correctional Facility Miramar ("MCFM"). *Id.* Since then, in July 2022, Hale was transferred to his current location within the Federal Bureau of Prison system at USP Marion. ECF No. 11.

The allegations in the Petition center around a disciplinary proceeding, DR 023-22, where Hale was charged with violation of Unauthorized Use of Mail or Telephone. ECF 1 at ¶ 6; ECF No. 18-2 at 9. This charge is defined as "[u]sing the mail or telephone for unauthorized purposes as specified by law, regulation, or MCF Rules." *Id.* at 47. In the "Details of Charges" section of the D&A Board report, Postal Clerk Gonzalez gave a statement stating that as part of his duties, he was screening mail and found that Hale had named staff personnel in his outgoing mail correspondence, which was in violation of Rule 605, section 3.2 *Id.* at 18. Rule 605 covers "Correspondence and Mail" and states that all incoming/outgoing mail may be subject to inspection and that prisoners may send as many letters as desired, but may not "[n]ame staff personnel in the correspondence, unless authorized by that staff member in writing via a DD510." *Id.* at 127-28. Gonzalez noted that Hale had previously received a disciplinary report of unauthorized use of mail. *Id.* The form further stated that the incident was reported to his supervisor, LSC Jared. *Id.* This disciplinary report was forwarded to the investigations department. *Id.* at 9.

Hale submitted a written statement with his factual version of the events. The correspondence in question was an appellate brief in another civil lawsuit he had in this court, and that he had sent to his grandmother, a paralegal, for review. *Id.* at 13. He explained that it was a requirement for the court to have the names of the officer he was suing in that lawsuit listed on the cover page of the brief. *Id.* He further stated that he did not send this out with any ill intent and that he had sent similar correspondence to his grandmother before without issue. *Id.*

The findings on the D&A Board report stated that Hale was "respectful and cooperative" and had pled guilty to the offenses. *Id.* at 19, 21. He was sentenced to loss of good time credit of 45 days, with 15 of those days suspended for 180 days, extra duty

of days, and an incentive level reduction from 1 to 0. *Id.* at 19. Hale appealed the decision on grounds of bias by LSC Jared. *Id.* at 23-24. The appeal was denied for insufficient grounds, further stating that "LSC [Jared's] supervisory position of the mail room does not mean he is directly involved in the action that drive the rules violation. You even admitted to violating the rule in your statement and pleaded guilty." *Id.* at 19.

## II.   LEGAL STANDARDS

Petitioner brings this petition under 28 U.S.C. § 2241, which authorizes a prisoner to file a writ of habeas corpus when he is "in custody in violation of the Constitution or laws or treaties of the United States." Section § 2241 "vests federal courts with jurisdiction over applications for habeas corpus from persons confined by the military courts." *Burns v. Wilson*, 346 U.S. 137, 139 (1953).

Rule 4 of the Rules Governing Section 2254 cases states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 has also been applied to Section 2241 habeas petitions. *See Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014) (finding no error when district court applied Rule 4 to Section 2241 habeas petition); Rules Governing Section 2254 Cases, Rule 1(b) (indicating that district courts may apply Rules Governing Section 2254 Cases to Section 2241 petitions). Rule 4 dismissal is appropriate "when on the face of the petition it is obvious that the petition lacks merit." *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998) (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

In disciplinary proceedings, a prisoner does not receive "the fully panoply of rights due a [criminal] defendant." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (noting that courts must balance "institutional needs and objectives" and "provisions of the Constitution). Where a state has "provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior," a prisoner may assert a

liberty interest under the Fourteenth Amendment that "entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Id.* at 557. Thus, where a prison disciplinary hearing may result in the loss of good time credits, a prisoner must receive:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). In addition, the "the findings of the prison disciplinary board [must be] supported by some evidence in the record." *Id.* The court expressly declined to "adopt a more stringent evidentiary standard" and clarified that this "some evidence" standard is met "if there was some evidence from which the conclusion of the administrative tribunal could be deduced." *Id.* at 455 (citation omitted). Specifically, "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* Further, it does not require "evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457.

### III. DISCUSSION

The Petition here only raises one ground for relief. ECF No. 1 at ¶¶ 5-9. Hale argues that his constitutional Due Process rights were violated during this D&A Board hearing because Defendant failed to provide an impartial board member at his hearing. *Id.* at ¶ 5. Specifically, LSC Jared was on the D&A Board and he was the supervisor of mailroom clerk Gonzalez, who wrote Hale up for the disciplinary report in the first place. *Id.* at ¶ 6. He states that LSC Jared received this report for review and routing, and then it was forwarded to the investigations department. *Id.* at ¶ 7. Hale argues that having LSC Jared on his D&A Board violated his due process right to have a fair and impartial board

member at his hearing, as well as violated MCFM's Standard Operating Procedure ("SOP") 503, which requires that each member of the D&A Board is "impartial and has not witnesses or investigated the alleged incident and has no direct personal interest in the case." *Id.*; *see also* ECF No. 18-2 at 97.

The Supreme Court in *Wolff* squarely held that prisoners in prison disciplinary proceedings do not have all Due Process rights afforded to criminal defendants facing criminal prosecution. *Wolff*, 418 U.S. at 556-561 (procedures afforded to criminal defendants, as outlined in *Morrissey v. Brewer*, 408 U.S. 471 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), should be generally followed but "need not in all respects be followed in disciplinary cases in state prisons"). The *Wolff* court briefly addressed impartiality of the hearing panel—the court reviewed the structure of the committee and procedures that must be followed, finding that "[t]he Committee is not left at large with unlimited discretion" and concluding that there was no "hazard of arbitrary decisionmaking that it should be held violative of due process of law." *Id.* at 571. A concurrence opinion by Justice Marshall, joined by Justice Brennan, opined that on the issue of an impartial tribunal, he would hold prison disciplinary proceedings to the full requirement under *Morrisey*. *Id.* at 592. Specifically, the full extent of this right under *Morrisey* would require "no member of the disciplinary board has been involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in the case." *Id.* at 592-93.

Even though full extension of this right was not incorporated into the majority opinion in *Wolff*, it is the standard that is set out in the Navy's Operating Procedures. SOP 503 requires that "[a]n impartial chairperson and two other members conduct the hearings." ECF No. 18-2 at 76. The SOP provides for a "Due Process" section, which includes that "[i]f a member has a conflict of interest, such as having witnessed the incident, initiated the report, or participated in the investigation, he/she must notify the Board Chair immediately so that he or she can be replaced with a staff member not directly involved in the incident." *Id.* at 82. The SOP also includes a Board Chair

Checklist that includes a step for "unbiased, informed Board Chair and members" and provides that the Board Chair must:

> - Ensure each member is impartial and has not witnessed or investigated the alleged incident, and has no direct personal interest in the case.

> - If there is a problem with any member, recess the Board and find a replacement.

*Id.* at 97.

Here, LSC Jared was the mailroom clerk's supervisor and Hale factually alleges that the report was "forwarded to [him] for initial review and routing." ECF No. 1 at ¶ 6. Reviewing and routing a disciplinary report does not equate to LSC Jared being a witness to the event or having investigated it. Without more, his involvement appears minimal and administrative in nature. Later serving on the D&A Board does not run afoul of the Navy's procedures or constitutional Due Process requirements. *See Sands v. Adams*, 889 F.2d 1096 (9th Cir. 1989) (no bias where hearing officer was supervisor to witness who testified at the disciplinary hearing); *Nia v. Smelosky*, No. 08-CV-1506 W JMA, 2010 WL 1626054, at *3 (S.D. Cal. Apr. 21, 2010) (no bias where hearing officer was nearby but no in location where incident took place). Accordingly, the Court finds no constitutional violation on this ground.[1]

//
//
//
//
//
//
//

---

[1] Because the Court finds no constitutional Due Process violation, the Court does not reach Defendant's arguments on whether certain of Plaintiff's prayers for relief are not cognizable on a writ of habeas corpus.

## IV. CONCLUSION

For the reasons discussed above, Respondent's motion to dismiss Petitioner's Petition for Writ of Habeas Corpus is **GRANTED** and Petitioner's application for a writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED.**

Dated:  October 12, 2023

Honorable James E. Simmons Jr.
United States District Judge